You may be seated. The clerk will call the next case. 3-19-046-6, People v. Citadel 9, Edwards v. Montserrat v. Jason Lehman, bailed by Sean Conley. Mr. Conley. Good morning. Good morning, Your Honors. May it please the Court, Counsel. My name is Sean Conley. I'm with the Office of the State Appellate Defender, and I represent Jason Lehman. Mr. Lehman was convicted after a stipulated bench trial of cannabis trafficking and two other lesser-included offenses, and was sentenced to the minimum 12-year term. The issue in this case is whether the State has proved beyond a reasonable doubt that cannabis came from out of state, from out of Illinois. That is an essential element of the charge. The State has not disputed the principle that we cannot reasonably infer the origins of the cannabis from the point of origin of the defendant. That is not in dispute. The State has instead argued that this case is like People v. Lynch. In that case, in Lynch, the defendant boarded a train in Texas and then disembarked in Chicago with two padlocked suitcases containing a large amount of cannabis. According to the State, Lehman's trunk, or the trunk on Lehman's car, rather, which could not be opened on site is like the padlocked suitcases in Lynch, and consequently, that because the lid of the trunk couldn't be opened on site, that the cannabis had to have been there since the beginning of Mr. Lehman's trip. So the very narrow issue is the fact that the trunk could not be opened on the side of the road during the stop, sufficient evidence to find beyond a reasonable doubt that the cannabis in the trunk came from out of state. The answer to that is no. First off, I think it's important to understand that People v. Lynch is not on point here. This is not a good case for the State. A train is an enclosed space. It's on a set route, a set time schedule. It's very different from a car ride where you have absolute discretion as to your route and your time frame. Well, circumstantially, the vehicle is registered in California, correct? Correct, correct. The driver has a Nevada driver's license? Correct, correct. So again, yes, that's circumstantial evidence. Everything is out of state, right? Absolutely. Those registrations are out of state. However, again, the cases say that it's not a reasonable inference to say that just because the defendant is out of state, from out of state, the car is from out of state, that the cannabis itself is also from out of state. That's the state of the law at this moment. The problem in this case, and the deficiency in the State's evidence, is that we don't have any idea where Mr. Lehman was earlier that day. We don't have any idea what his route was. We don't have any idea what his itinerary was. We don't have any information about that. And we also don't have any information about the trunk itself. The State contends that essentially it's impossible for Mr. Lehman to access the trunk, and that's why clearly the cannabis came from out of state. That does not follow from the evidence. First off, we don't know why the trunk won't open. We don't know if it's frozen shut, which is what the police think at the scene. We don't know if the lock has been broken or disabled. We don't know if that happened, how it happened, when or where it happened. Maybe all that shows is that the trunk wouldn't open. I mean, somebody put the dope in the trunk, right? Certainly. That's true. Somebody put the dope in the trunk. Wherever it was that somebody put the dope in the trunk, it wouldn't easily open after that. Of course, more than one way to get stuff in the trunk of a car. Exactly. We don't know that this is the only access point. What we do know is the police were able to access the trunk later. We do not know how. The state has chosen not to enlighten us on that point. Our contention is that if the police can get into the trunk, Mr. Lehman can get into the trunk, and it's the state's burden to show us where the cannabis came from. Somebody got in the trunk right beforehand, because we can assume that it didn't come from Detroit or wherever the car was manufactured. That is correct. Obviously, someone put the contraband into the trunk. The point in this case, the issue is, again, it's the state's burden to prove where the cannabis came from. And in this situation, they appear to be relying on the fact that Mr. Lehman is from out of state, that the car is from out of state, and, again, the cases don't allow us to make that inference. We're asking for an outright reversal on this count if there are any other questions. Otherwise, I'll use my time. Thank you. Thank you. Mr. Connelly. Mr. Arado. May it please the Court. Good morning, Your Honors. Counsel. This is a pretty straightforward case. It's kind of binary. Either you accept our premise that you can reasonably infer that the drugs came from out of state by the fact that the trunk was unable to be opened and the defendant told. I can't connect those two dots. All I can conclude from not being able to open the trunk is when they tried to open the trunk, it wouldn't open easily anyway. But it doesn't give me any indication as to when that trunk was last opened, whether it was in Rock Island County or whether it was in Nevada or California or God knows where. I mean, isn't this just a little overreason by the state that a charge of young man with possession was slammed down? But the trafficking... It's a slightly more difficult case to address. The only reasonable inference that Judge Hammer could have made was the fact that he told Sergeant Thorn that the trunk would not open. Therefore, he knew, he had knowledge that it wouldn't open, and he came from out of state and the drugs were in the trunk. Now, when you watch the video, it appeared to be that the officers were trying to get into the trunk through the back seat and couldn't even do that. And he's absolutely right. There's no evidence as to ultimately how they got into the trunk. So it's silent as to that. If this court does not accept our premise, then it needs to be sent back and he needs to be sentenced on the possession with intent to deliver over $5,000,000, which is a Class X felony, and he will still be sentenced. So, as I say, it's pretty much binary. Any other questions? Any other questions that we ask that you affirm or demand for sentencing on the remaining charges? Thank you. Thank you, Mr. Arado. Mr. Connelly? Your Honor, it's the only point that I would like to make on rebuttal is that the State could have brought evidence if they had evidence. Again, as I mentioned before, they got into the trunk. They chose not to add that to the stipulation. I mean, I guess from my standpoint, them being able to get in the trunk isn't really the issue. I mean, it's where it got into the trunk. Correct. You know, whether it was Justice Schmitz, you know, Rock Island or Waterloo, Iowa or Coal Valley or Spring Valley or wherever. I mean, that's the element that has to be proven is when it was placed in there and, you know, when the seal was shot or who shot it. What about the college standard with respect to the defense and the car and the Nevada and stuff? That's the case that I cited in my brief. I'm afraid I'm going to pronounce it wrong. Esquerdo cited Collins. They used the Collins standard and they determined that it's simply not a reasonable inference to make. It's just this is speculation. We're dealing with speculation. And the reason I brought up why or, you know, how the police got into the trunk, if we knew something more about why the trunk was closed and couldn't be open, maybe that would add to the circumstantial evidence in terms of when the trunk had been seized, shot. Esquerdo is an appellate case, isn't it? That is correct. That is correct. In 1994. That is correct. But, you know, our position would be that these cases don't have an expiration date and that there's no compelling reason to disagree with that case in this situation. And that's the point. But you would also agree it's not binding. It is absolutely your prerogative to disagree with it. Again, I would take the stance that there's no compelling reason to disagree with it. It's in accord with other cases that dealt with similar issues in terms of evidence of where the defendant was at some time in the past and what we can infer from that. It would be a little more broad than just, you know, if you were to disagree with that case, it would be more broad than just disagreeing with that particular point. If there are any other questions? Thank you, Your Honors. I'd like to say that a case from 1994 is a mere infant in the eyes of at least one of the panel members here today. Anyway, thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. And right now we will stand in a recess until 1.15. Ninety-four was yesterday.